# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEVEN MOTEN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 16-CV-696-JED-PJC |
| | ) |
| KEVAN FINLEY, Executive Director[1] | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, proceeding pro se,[2] filed this 28 U.S.C. § 2254 habeas corpus petition (Doc. 1) to challenge his confinement in the Oklahoma Forensic Center (OFC), an inpatient behavioral health facility operated by the Oklahoma Department of Mental Health and Substance Abuse Services (ODMHSAS). In response, Respondent filed a motion to dismiss the petition as time barred (Doc. 14), along with a supporting brief (Doc. 15). Petitioner did not file a reply. For the reasons discussed below, the Court grants Respondent's motion and dismisses the petition with prejudice as time barred.

## *BACKGROUND*

In 2004, the State of Oklahoma charged Petitioner with first degree murder in the District

---

[1] Because Petitioner is committed to the custody of the Oklahoma Department of Mental Health and Substance Abuse Services (ODMHSAS), the proper party respondent in this matter is Kevan Finley, Executive Director of the ODMHSAS. *See* Rule 2(a), *Rules Governing Section 2254 Cases in the United States Courts*. Therefore, Kevan Finley is substituted in place of the State of Oklahoma, as party respondent. The Clerk of Court shall note the substitution on the record.

[2] The Court must liberally construe pro se pleadings without "assum[ing] the role of advocate for the pro se litigant." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Court of Tulsa County, Case Number CF-2004-1238. Doc. 15-1 at 3. In 2006, at the conclusion of a nonjury trial, the district court found Petitioner not guilty by reason of insanity and ordered him committed to the ODMHSAS' custody for inpatient treatment at the OFC. *Id.* at 18; Doc. 15 at 2; *See* OKLA. STAT. tit. 22, § 925 (permitting court to commit defendant to state hospital for treatment upon verdict of not guilty by reason of insanity). Pursuant to OKLA. STAT. tit. 22, § 1161(G)(2), the district court conditionally released Petitioner from the OFC in October 2011. *See* Doc. 15-2.

In April 2015, the State moved to revoke Petitioner's conditional release, alleging that Petitioner violated conditions of his release and that he was a present danger to others. Docs. 15-3, 15-4; *See* OKLA. STAT. tit. 22, § 1161(G)(2)(d) (providing conditional release may be revoked for good cause). The district court held a revocation hearing on April 28, 2015. Doc. 15-5. At the conclusion of the hearing, the district court determined that Petitioner violated conditions of his release and that full-time hospitalization would be the least restrictive alternative consistent with the Petitioner's needs and the need for public safety. *Id.*; *see* OKLA. STAT. tit. 22, § 1161(G)(2)(e)(2) (providing for revocation hearing and permitting court to modify conditions of release or order inpatient care). Consequently, the district court revoked Petitioner's conditional release and ordered him recommitted to the ODMHSAS' custody for inpatient treatment at the OFC. Doc. 15-5 at 1.

Petitioner filed the instant habeas petition on November 17, 2016. Doc. 1 at 1.

## *ANALYSIS*

Petitioner seeks federal habeas relief on one ground: he claims that his "conditional

release was revoked under false pretences [sic]" because he is "no harm to [him]self or anyone else." Doc. 1 at 6.

Respondent contends (1) that Petitioner's confinement in the OFC satisfies § 2254(a)'s "in custody" requirement and (2) that Petitioner's habeas corpus petition should be dismissed as time barred under § 2244(d). Doc. 15 at 2-3, 5-7.[3] The Court agrees with both contentions.

**A.     Petitioner is "in custody" for purposes of filing a § 2254 petition.**

Under § 2254(a), a state prisoner seeking federal habeas relief must be "in custody pursuant to the judgment of a State court." Section 2254(a)'s "in custody" requirement is jurisdictional. *Mays v. Dinwiddie*, 580 F.3d 1136, 1138-39 (10th Cir. 2009). Petitioner's commitment to the custody of ODMHSAS, which stems from his adjudication of not guilty by reason of insanity on a first degree murder charge, satisfies that requirement. *See Duncan v. Walker*, 533 U.S. 167, 176 (2001) (noting that § 2254(a) does not "by its terms apply only to those in custody pursuant to a state criminal conviction" and recognizing federal habeas review

---

[3] Respondent does not address, as an initial matter, whether Petitioner asserts a cognizable federal habeas claim. Even liberally construed, Petitioner's claim seems to allege a violation of state law—i.e., that the state district court revoked his conditional release without good cause. *See* OKLA. STAT. tit. 22, § 1161(G)(2)(d) (providing conditional release may be revoked for good cause). To the extent Petitioner alleges only a state-law violation, he is not entitled to federal habeas relief. Federal habeas review is limited to determining whether Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see Estelle v. McGuire*, 502 U.S. 62, 67-68 (emphasizing that "it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions"). However, as discussed *infra*, the Court ultimately agrees with Respondent that the petition is time-barred. Thus, for purposes of resolving Respondent's motion to dismiss, the Court will treat Petitioner's claim as a cognizable federal habeas claim.

"may be available" to challenge legality of state court order committing person to a mental institution); *Mays*, 580 F.3d at 1139 (citing *Walker* for proposition that commitment to mental institution may satisfy § 2254(a)'s "in custody" requirement).

**B.     Petitioner's § 2254 petition is time barred.**

The Antiterrorism and Effective Death Penalty Act (AEDPA) requires a person in state custody to file his or her federal habeas claims within one year of the "latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Respondent argues that the petition is time barred under § 2244(d)(1)(D) because Petitioner was present during the April 28, 2015, revocation hearing and therefore had actual notice of the factual predicate for his claim—i.e., that "the revocation of release was based on false pretenses"—as of that date. Doc. 15 at 6. Respondent further argues that Petitioner's knowledge of those facts triggered § 2244(d)(1)(D)'s one-year limitations period regardless of whether Petitioner understood the legal significance of those facts. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000) (rejecting habeas petitioner's argument that habeas claim was

timely under § 2244(d)(1)(D) when petitioner "was clearly aware" of factual basis for his claim "years before" filing habeas petition even if later state court decisions may have "alerted" petitioner to new legal basis for claim); *see also Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000) (stating that "the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate', not recognition of the facts' legal significance").

For further support, Respondent relies on *Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011) (unpublished).[4] In *Klein*, a state prisoner filed a § 2254 habeas petition on June 7, 2010, asserting various claims relating to the May 31, 2006, revocation of his suspended sentence. 437 F. App'x at 682. The state moved to dismiss the habeas petition as time barred, and the district court granted the motion. *Id.* at 682-83. In denying the petitioner's application for a certificate of appealability to challenge that dismissal, the Tenth Circuit rejected the petitioner's argument that his petition was timely under § 2244(d)(1)(D). Specifically, the petitioner argued that "he did not learn of the facts giving rise to [his habeas] claim[s] until he reviewed the transcript from the revocation hearing." 437 F. App'x at 684. But the Tenth Circuit reasoned that the petitioner, who was present at his revocation hearing, "knew of the predicate facts" no later than the date of the revocation hearing. *Id.* Citing *Preston* and *Owens*, the Tenth Circuit further reasoned that AEDPA's one-year limitations period began to run when the petitioner knew of those facts, even if it was "possible that [Petitioner] did not understand the

---

[4] Though *Klein* is an unpublished decision, the Court finds its reasoning persuasive. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

5

legal significance" of those facts. *Id.*

Like the petitioner in *Klein*, Petitioner was present for his revocation hearing and therefore had knowledge of the factual predicate for his claim as of the date of the hearing. Thus, as Respondent argues, the time for filing his federal habeas claim based on those facts began running the day after the hearing—i.e., on April 29, 2015. *See United States v. Hurst*, 322 F.3d 1256, 1261 (10th Cir. 2003) ("In computing any period of time prescribed or allowed . . . by any applicable statute, the day of the act . . . from which the designated period of time begins to run shall not be included."). Petitioner's time for bringing his habeas claim to challenge the revocation of his conditional release therefore expired on April 29, 2016—over six months before he filed his petition. Absent statutory or equitable tolling, Petitioner's habeas petition is time barred.

C.     **Petitioner is not entitled to statutory or equitable tolling**.

Finally, the Court agrees with Respondent that Petitioner is not entitled to statutory or equitable tolling. Under Oklahoma law, Petitioner could have challenged his confinement at OFC by filing a writ of habeas corpus in state court. *See State v. Powell*, 237 P.3d 779, 780 (Okla. Crim. App. 2010) (recognizing that defendant committed to ODMHSAS' custody following adjudication of not guilty by reason of insanity could seek release from confinement by bringing habeas corpus action under OKLA. STAT. tit. 12, § 1331). But it is clear from the record that Petitioner did not do so. *See* Doc. 1 at 3-8.[5] Thus, Petitioner is not entitled to

---

[5] Petitioner's failure to pursue this available state remedy also means that his claim is

statutory tolling. *See* 28 U.S.C. § 2244(d)(2) (permitting statutory tolling for "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"); *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

Second, while § 2244(d) is subject to equitable tolling, *Holland v. Florida*, 560 U.S. 631, 649 (2010), it is the petitioner's burden to show "'that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing," *id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Equitable tolling applies only in "rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). As Respondent points out, Petitioner neither acknowledges that his petition is untimely nor offers any reasons to explain the untimeliness. *See* Doc. 1, generally. Petitioner does offer two reasons for his failure to exhaust his claim; he asserts that he lacked knowledge of his "rights," and he lacked "proper legal representation." *Id.* at 6. Even if the Court were to consider these as reasons asserted in support of equitable tolling, the Court finds them insufficient to satisfy Petitioner's "strong burden to

---

unexhausted. *See* 28 U.S.C. § 2254(b)(1)(A) (prohibiting federal court from granting habeas relief unless petitioner has exhausted available state remedies). Respondent, however, does not address exhaustion. Because the Court finds that the petition is time barred and that Petitioner is not eligible for statutory or equitable tolling, the Court also finds that it is unnecessary to discuss exhaustion.

show specific facts" that would warrant equitable tolling. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008). Notably, "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (quoting *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999)). Likewise, a lack of access to legal counsel generally will not support equitable tolling. *See Foldenaur v. Franklin*, 261 F. App'x 93, 95 (10th Cir. 2008) (unpublished)[6] (noting that because there is no right to counsel in habeas proceedings, "a litigant's inability or difficulty in hiring an attorney for habeas purposes is insufficient to excuse the untimeliness of a habeas petition"). Moreover, Petitioner's assertion that he lacked proper legal representation is belied by the record. Specifically, Petitioner attached a letter to his petition from his attorney. Doc. 1 at 19. That letter, dated July 6, 2016, indicates that the attorney represented Petitioner at his revocation hearing and that the attorney "spoke[] with [Petitioner] on the phone many times" after Petitioner was recommitted to the OFC. *Id.*

Finally, although Petitioner does not assert that his mental condition prevented him from timely filing his petition, the Court cannot ignore that Petitioner's habeas claim challenges his confinement in a mental institution. A petitioner's mental incapacity may, in some circumstances, warrant equitable tolling. *See Beister v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) (discussing mental incapacity as potential basis for equitably tolling Title VII limitations period); *Reupert v. Workman*, 45 F. App'x 852, 854 (10th Cir. 2002)

---

[6] The Court cites *Foldenaur* for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

8

(unpublished)[7] (concluding that "equitable tolling may be appropriate where there is adequate proof of incompetence"). But a showing of "exceptional circumstances" is generally required even if the petitioner's mental condition may have prevented him from timely pursuing his claim. *See Beister*, 77 F.3d at 1268 (noting that such exceptional circumstances may include an adjudication of incompetence, institutionalization for mental incapacity, or evidence that the individual's mental incapacity rendered him "[in]capable of pursuing his own claim"). Here, Petitioner attached to his petition a letter from an OFC staff psychiatrist. Doc. 1 at 17-18. That letter, dated January 1, 2016, indicates that Petitioner's mental condition greatly improved upon his readmission to the OFC in April 2015. *Id.* at 17. The letter further indicates that, as of January 2016—when Petitioner still had about four months remaining to pursue a timely federal habeas claim—Petitioner was doing well with treatment and medication and "his insight and judgment appear[ed] to be good." *Id.*

In sum, Petitioner has not shown any "exceptional circumstances" that would warrant equitable tolling.

## *CONCLUSION*

Petitioner's habeas petition is untimely under § 2244(d)(1) and Petitioner is not entitled to statutory or equitable tolling. Consequently, the Court grants Respondent's motion and dismisses the petition for writ of habeas corpus with prejudice as time barred.

---

[7] The Court cites *Reupert* for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

**Certificate of Appealability**

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because reasonable jurists would not debate the correctness of the Court's procedural ruling that the petition is time barred, the Court denies a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. The Clerk of the Court shall note the substitution of Kevan Finley, Executive Director, in place of the State of Oklahoma as party respondent.
2. Respondent's motion to dismiss the petition as time barred (Doc. 14) is **granted**.
3. The petition for a writ of habeas corpus (Doc. 1) is **dismissed with prejudice**.
4. A certificate of appealability is **denied**.
5. A separate Judgment shall be entered in this case.

ORDERED this 20th day of October, 2017.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE